UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS HARDY,

          Plaintiff,

v.

COREY MATTHEW-CHUNG
FELLABAUM,

          Defendant.
_____/

Case No. 2:25-cv-13899

HONORABLE STEPHEN J. MURPHY, III

## ORDER REMANDING CASE

Morris Hardy sued Corey Matthew-Chung Fellabaum in Wayne County Circuit Court following a car accident and sought damages exceeding $25,000. ECF No. 1, PageID.10–14. Fellabaum removed the case to federal court and asserted federal subject matter jurisdiction under 28 U.S.C. § 1332(a). ECF No. 1, PageID.1–2. The Court then ordered Fellabaum to show cause for why the case should not be remanded to state court. ECF No. 5. Fellabaum timely responded. ECF No. 6. But because Fellabaum failed to provide good cause, the Court will remand the case to the Wayne County Circuit Court.

In its prior order, the Court explained, in detail, its concerns about whether the amount-in-controversy requirement for diversity jurisdiction was met. *See* ECF No. 5. Plaintiff sued Fellabaum because "Defendant improperly changed lanes" while driving, struck Plaintiff's vehicle, and caused "serious and permanent injuries to Plaintiff." ECF No. 1, PageID.12. The complaint, however, lacked specific allegations

1

about Plaintiff's injuries. It merely alleged that Plaintiff injured "his neck, back, [and] left shoulder," lost earnings, and felt pain. *Id.* at PageID.13–14.

Fellabaum nonetheless removed the case to federal court and, following the Court's show cause order, argued that it is more likely than not that the amount in controversy exceeds $75,000. ECF No. 6, PageID.41. To bolster that argument, Fellabaum's response included excerpts from Plaintiff's medical records. The records included a note from Plaintiff's July 22, 2023 visit to a rehabilitation and spine specialist, a report from a lumbar spine MRI on July 17, 2023, a patient self-report from a medical visit on August 10, 2023, and a report from a physical therapist. *See id.* at PageID.41–43.

Taken together, the medical records indicate that, although Plaintiff reported significant pain, he has not undergone any serious medical intervention. *See id.* His Spurling's test[1] for pinched nerves was negative, and his 2023 MRI results indicated normal disc profiles, no significant abnormalities, no herniations, and no spinal stenosis. *Id.* at PageID.41–42. Further, Plaintiff's physical therapy assessment was optimistic. *Id.* at PageID.43. The therapist hoped to return the patient to his prior level of function within six weeks of a 2024 visit. *Id.* The proffered records do not prove it is more likely than not that Plaintiff suffered more than $75,000 in medical

---

[1] "Physicians conduct a Spurling's test to assess nerve root compression and cervical radiculopathy by turning the patient's head and applying downward pressure. A positive Spurling's sign indicates that the neck pain radiates to the area of the body connected to the affected nerve." *Shaw v. AT&T Umbrella Ben. Plan No. 1*, 795 F.3d 538, 542 n.1 (6th Cir. 2015) (citing Physiopedia.com).

expenses. And the Court doubts pain and suffering are enough to carry the case over the minimum at this stage.

Defendant cited no cases or legal justification in support of keeping the case in federal court. And courts have remanded other cases with detailed and concrete allegations of much more significant injuries. *E.g.*, *Giffin v. Runyons*, No. 11-146, 2011 WL 5025074 (E.D. Ky. Oct. 21, 2011) (Thapar, J.) (remanding despite allegations that plaintiff fell off a roof, broke his arm, suffered "irreparable and permanent damage to his arm, neck, back, head, and other parts of his body," and suffered $15,000 in lost wages and $10,000 in unpaid medical bills). Accordingly, the Court is unpersuaded by Defendant's response. Because the Court is without jurisdiction, it must remand the case.

**WHEREFORE**, it is hereby **ORDERED** that the case is **REMANDED** to the Wayne County Circuit Court.

This is a final order that closes the federal case.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: January 14, 2026